Ross, C. J.
This action was commenced by the appellee filing a claim against the estate of Henrietta Peaslee, deceased, for board and nursing. The appellant, as administrator of her estate, refused to allow the claim, and it was duly transferred to the issue docket for trial. There was a trial by the court and a finding and judgment in favor of the appellee for one hundred and thirty-two dollars.
The only error assigned on this appeal is: “The court erred in overruling the motion for a new,trial.”
The evidence discloses that the decedent was a married woman, the wife of Samuel Peaslee; that he provided for her a home and subsistence; that she was suffering from erysipelas and needed medical attention, care and nursing, and in order to receive such attention went *297 to the home of her brother, the appellee, and was boarded, nursed and cared for by him and his wife until her death in August, 1893.
Filed Dec. 18, 1894.
It is insisted by counsel for appellant that the evidence is insufficient to sustain the finding of the court, and that the finding is contrary to law.
The question presented , by the record, as we view it, is: Oan a married woman, cohabiting with her husband, be held liable for the necessaries of life furnished her, except she expressly agrees to pay therefor and they are furnished on her credit? That she can not, we think is well settled. Nelson, Admr., v. Spaulding, 11 Ind. App. 453.
In this case there is no evidence to sustain a finding either that the decedent promised to pay appellee for her board, care and attention, or that the board was furnished or the services rendered upon her credit. Under the facts, as shown by the record, the appellee’s right of recovery, if any exists, is against Samuel Peaslee, the husband of the decedent, and not against her estate.
The court, therefore, erred in overruling the motion for a new trial.
Judgment reversed.
Gavin, J., absent.